111 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary BYUN, an individual, Plaintiff-Appellant,
v.
NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 96-55000.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1997.*
Decided April 22, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges; WHALEY,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Mary Byun appeals an order of the district court granting summary judgment to New York Life Insurance Company ("New York Life") in this diversity jurisdiction suit to collect on her husband's two life insurance policies. The facts are known to the parties.
 
 
 4
 Byun raises two issues on appeal. First, she argues that the district court erred in applying California law by failing to require New York Life to demonstrate that her husband had the requisite intent to commit suicide. Secondly, she contends that she has raised genuine issues of material fact that preclude summary judgment in this case. Each contention will be dealt with in turn.
 
 
 5
 In order to enforce a suicide exclusion under California law the life insurance company has the burden of proving that death was caused by suicide. Searle v. Allstate Life Insurance Company, 696 P.2d 1308, 1315-1316 (Cal.1985). As part of this burden, the insurance company must demonstrate that the decedent committed an act of self-destruction with the intent of committing suicide; that is, that he "understood the physical nature and consequences of the act." Id. at 1315. Mrs. Byun argues that New York Life has not met this burden, and that she has presented sufficient evidence to raise a genuine issue regarding her husband's intent.
 
 
 6
 However, the evidence Mrs. Byun points to in support of her argument is not relevant to the legal question of intent. She relies on declarations and testimony that would indicate that Mr. Byun lacked a motive to commit suicide, but none which address the legal question of suicidal intent.
 
 
 7
 In regards to suicidal intent, New York Life has met its burden by introducing evidence showing that Mr. Byun was not mentally ill, was not under the influence of drugs or alcohol, and therefore understood the physical nature and consequences of his act when he shot himself. In addition, they introduced overwhelming evidence that his death was caused by suicide. None of Mrs. Byun's proffered evidence addresses nor contradicts the evidence upon which New York Life relies.
 
 
 8
 Secondly, Mrs. Byun argues that she has raised a genuine issue of material fact by pointing to the declaration of a witness who believed that she had seen Mr. Byun arguing with someone in his van several hours before his death. However, she does not indicate the relevance of this evidence in light of the overwhelming physical evidence that Mr. Byun killed himself.
 
 
 9
 Summary judgment is proper where the record taken as a whole could not lead a rational jury to find for the non-moving party. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Here the record includes the results of three separate investigations all concluding that Mr. Byun had committed suicide, and Mrs. Byun herself indicated that suicide was the cause of death on the insurance claim forms. Mrs. Byun has failed to bring forth any evidence that would allow a rational factfinder to rule in her behalf.
 
 
 10
 As the district court did not err in granting summary judgment, the order is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit R. 36-3